UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY YOUNG, ET AL., | ) | CASE NO.1:06CV1486 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| FIRSTMERIT BANK, NA | ) | ORDER |
| | ) | |
| Defendant. | ) | |

CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Motion to Intervene (ECF Dkt# 6) of Receiver Matthew Fornshell. For the following reasons, the Court denies Receiver's Motion to Intervene.

Plaintiff investors allege they were defrauded of millions of dollars in a classic "Ponzi scheme" by Joanne and Alan Schneider, who are non-parties to this suit. The investors allege Defendant FirstMerit aided or participated in the sale of unregistered securities in violation of Ohio Revised Code Section 1707.01 *et seq.*, aided and abetted the Schneider's fraud and civilly conspired with the Schneiders. In February of 2005, the Cuyahoga County Court of Common Pleas appointed a Receiver, Matthew Fornshell, to take control of the Schneiders' assets,

1

including their companies. In November of 2005, the Schneiders were indicted in state court.

On February 28, 2006, the Court of Common Pleas issued an Amended Order appointing Matthew Fornshell Receiver of the Schneiders' assets and companies. The Amended Order also enjoined creditors, amongst others, "from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against the Receivership assets or against the Receiver" and "from interfering with the Receiver in the discharge of his duties." On May 10, 2006, Plaintiffs filed the present suit in Cuyahoga County Court of Common Pleas and FirstMerit removed the case to United States District Court on June 16, 2006. The Complaint alleges claims solely against FirstMerit. Approximately two weeks after Plaintiffs filed this action in state court, on May 23, 2006, the Receiver filed an emergency motion with the state court to grant him authority to represent investors on any claims. The state court granted the Receiver's motion and the Receiver filed a substantially similar action against FirstMerit on May 24, 2006 in state court on behalf of the investors.

The Receiver now seeks to intervene in the action before this Court on the basis of the authority granted him by the state court to prosecute claims on behalf of investors. The Receiver contends the Receivership is granted authority to bring this action on behalf of investors. The Receivership orders enjoin any actions against the assets of the Receivership and, according to the Receiver, failure to permit intervention would substantially impede the Receiver's rights. The Investor/Plaintiffs in this claim oppose Receiver's Motion on the following grounds:

1) Receiver has failed to allege how the Schneiders or their companies, as perpetrators of the Ponzi scheme, have any claims against FirstMerit.

2) Receiver's Emergency Motion seeking an expansion of his authority to prosecute

2

all claims on behalf of investors contained numerous misstatements of fact.

3) Receiver has failed to satisfy the requirements of Fed. R. Civ. P. 24.

## Standard of Review

A non-party may intervene of right, "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). The Sixth Circuit requires a non-party seeking intervention of right to prove the following four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir.1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993)). Furthermore, the Sixth Circuit has adopted a permissive approach to Rule 24(c) requirement that intervenor attach the pleading to its motion. See *Providence Baptist Church v. Hillendale Committee, Ltd.,* 425 F.3d 309, 315 (6th Cir. 2005).

## Analysis

Plaintiffs claim Defendant FirstMerit violated Ohio Revised Code Section 1707.01(B) by aiding in the selling of unregistered securities. O.R.C. 1707.01(B) states:

(B) "Security" means any certificate or instrument, or any oral, written, or electronic agreement, understanding, or opportunity, that represents title to or interest in, or is secured by any lien or charge upon, the capital, assets, profits, property, or credit of any person or of any public or governmental body, subdivision, or agency. It includes shares of stock, certificates for shares of stock, an uncertificated security, membership interests in limited liability companies,

3

voting-trust certificates, warrants and options to purchase securities, subscription rights, interim receipts, interim certificates, ***promissory notes,*** (emphasis added) all forms of commercial paper, evidences of indebtedness, bonds, debentures, land trust certificates, fee certificates, leasehold certificates, syndicate certificates, endowment certificates, interests in or under profit-sharing or participation agreements, interests in or under oil, gas, or mining leases, preorganization or reorganization subscriptions, preorganization certificates, reorganization certificates, interests in any trust or pretended trust, any investment contract, any life settlement interest, any instrument evidencing a promise or an agreement to pay money, warehouse receipts for intoxicating liquor, and the currency of any government other than those of the United States and Canada, but sections 1707.01 to 1707.45 of the Revised Code do not apply to the sale of real estate.

Furthermore, O.R.C. 1707.43(A) states:

(A) Subject to divisions (B) and (C) of this section, every sale or contract for sale made in violation of Chapter 1707. of the Revised Code, is voidable at the election of the purchaser. ***The person making such sale or contract for sale, and every person that has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to the purchaser***, (emphasis added) in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by the purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision.

On May 23, 2006, the Cuyahoga County Court of Common Pleas granted Receiver Matthew Fornshell the authority to "represent and pursue directly the interests of the Investors against FirstMerit Corporation and/or its affiliates, agents, officers, and/or employees, arising out of or related to the conduct of the Schneiders and/or Company Defendants."

Ohio courts have held O.R.C. §1707.43 must be liberally construed. "It must be emphasized that O.R.C. §1707.43 uses very broad language, and, in addition to this, the securities laws are to be liberally construed." *Fed. Mgt. Co. v. Coopers & Lybrand, et al.*, 137 Ohio App.3d 366, 392 (Ohio App. 10th Dist. 2000) citing *In re Columbus Skyline Securities,* (1996) 74 Ohio St.3d 495. As this case is not at the summary judgment stage, we must examine all the allegations in Plaintiffs complaint as true. The express language of O.R.C. 1707.43 holds

4

plaintiffs have a cause of action against anyone participating in and aiding in the sale of unregistered securities. This creates, in this Courts opinion, a cause of action by investors against FirstMerit that is not derivative in nature, nor is it a claim against the assets of the Receivership. Rather, the claim belongs solely to each investor sold an unregistered security. Therefore, the injunction against suits depleting the assets of the Receivership is not applicable and does not prevent this action by investors against FirstMerit.

Plaintiffs challenge the timing and the representations made by the Receiver to the state court that resulted in the Supplemental Order granting the Receiver authority to sue on behalf of investors. This Court holds such inquiry is inappropriate and cannot be properly addressed on collateral review. "The initial question thus is whether the Ohio court had jurisdiction to appoint a receiver; for as the order of that court is not directly, but only collaterally, attacked, the question of jurisdiction can alone be considered. That the order may have been erroneous, inequitable, or ill-advised would not be enough to invalidate it here." *Lively v. Picton*, 218 F. 401, 406 (6th Circ. 1914) citing *Barbour v. Bank*, (1887) 45 Ohio St. 133. "Upon the general proposition that under collateral attack upon a judgment of a court of competent jurisdiction, only jurisdictional defects can be considered." *Lively* at 406 citing *Butterfield v. Miller,* 195 Fed. 200 (6th Cir. 1912). Pursuant to *Grant v. A.B. Leach & Co.,* 280 U.S. 351 (1930), the appointment of a receiver, if erroneous, is not subject to collateral attack in another court.

Therefore, this Court may not entertain collateral attacks on the authority or appointment of the Receiver pursuant to *Grant* and *Lively*.

Nor does the fact that the Schneiders were the primary wrongdoers in this fraudulent investment scheme require the Court to impute such wrongdoing to their companies now under

5

control of the Receiver. In *Wuliger v. Liberty Bank, NA*, 2004 WL 3377416, unreported (N.D. Ohio 2004), the Court held that once the alleged wrongdoer is removed from the operation and control of a corporation, no evil motive may be imputed to the corporation or the receiver acting on its behalf. Therefore, this Court will not deny intervention on Plaintiffs argument that the Receiver is acting on behalf of the alleged wrongdoers and that such position is adverse to the investors.

However, exclusive authority granted the Receiver to file claims on behalf of the investors is noticeably absent from the Supplemental Order. The Court takes judicial notice that the claims of the investors were filed prior to the authority granted the Receiver to bring claims on their behalf.

Under Federal Rule of Civil Procedure 24, the Court finds no federal statutory authority compelling intervention. Nor does the Court find the Receiver's ability to protect its interests are impaired or impeded, as this Court notes the Receiver has similar claims currently pending in Cuyahoga County Court of Common Pleas. Furthermore, nothing before this Court suggests current counsel for investors cannot adequately represent the interests of the investors. The "jurisdictional priority rule" specifies that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties. *State ex rel Shimko v. McMonagle*, (2001) 92 Ohio St. 3d 426, 429 "[i]n general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel Shimko* at 429, citing

6

*State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 151, 684 N.E.2d 1234, 1236. Therefore, under Ohio law, the first-filed case excludes all other tribunals from adjudicating the same claims with the same parties. Since this case was removed from state court, there is nothing preventing the Receiver from bringing his claims in state court. However, the logic of the first-file rule militates in favor of giving deference to the first-filed case. Since Plaintiffs filed their action prior to the Receiver's authority to sue on their behalf, the Court is hardpressed to find how the investors rights to choose their own counsel prejudices Receiver's claims on behalf of the Receivership.

Under Fed. R. Civ. P. 24(b) states:

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Court finds no federal statutory authority conferring a conditional right upon the Receiver to intervene. Though there are common questions of law and fact, this Court may, in its discretion, consider whether the intervention will unduly delay or prejudice adjudicating the rights of the original parties. Here, the Court finds intervention will unduly prejudice the rights of the original parties. The Receiver has previously filed suit against members of the class he now seeks to represent through intervention. See *Fornshell v. Antalik, et al.,* Case No. CV 05-560633, (Cuyahoga County Court of Common Pleas 2005). Such adverse action and interest compels this Court to question whether the investors interests are best served by counsel with

such an adverse history. The Court finds this history creates an obvious concern that the original parties rights may be prejudiced by the Receiver's intervention. Finally, the Receiver has failed to convince this Court that the Receivership can maintain the same claims brought on behalf of the investors. As the alleged tortfeasors, it is difficult to conceive how the Schneiders or their entities can maintain the causes of action presented by the aggrieved investors.

Therefore, the Court denies Receiver Matthew Fornshell's Motion to Intervene.

IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge

FILED
FEB 1 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O
CLEVELAND