# IN THE UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO

| | |
|---|---|
| KATHY YOUNG, *et al.*, | ) CASE NO. 1:06-CV-01486 |
| Plaintiffs, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) **STIPULATION AND PROTECTIVE** |
| | ) **ORDER GOVERNING CONFIDENTIAL** |
| FIRSTMERIT BANK, N.A., *et al.*, | ) **MATERIAL** |
| Defendants. | ) |

Plaintiffs and Defendant FirstMerit Bank, N.A., under Rule 26(c) of the Federal Rules of Civil Procedure, stipulate and agree as follows:

1. This Order governs the disclosure and use of any confidential information contained in documents and other written, recorded or graphic material, answers to interrogatories, deposition transcripts, deposition testimony, exhibits, requests for admission, and any other discovery under Fed. R. Civ. P. 26 ("Discovery Material") produced by any party (the "Producing Party") during the proceedings in this action.

2. Any Producing Party may designate as "Confidential" any documents furnished by the Producing Party or information elicited from that party in discovery at depositions, by interrogatories, or otherwise, which such party, in good faith, believes would, if made public, materially affect the business, financial or commercial interests of the Producing Party and which the Producing Party believes in good faith would jeopardize its properly protectable interest absent the protection provided herein by such designation. Documents, discovery responses or transcript pages designated as "Confidential," the information contained in them, and any information derived from them, including, without limitation, any notes quoting or summarizing such materials, shall constitute "Confidential Material" subject to this Stipulation and Order.

The parties agree to be circumspect in making such designation, and not to designate any material "Confidential" unless that party in good faith believes it is necessary to do so.

3. Confidential Material shall be used only in the preparation for trial and/or trial and/or appeal of this action and shall not be used for any other purpose whatsoever.

4. Confidential Material shall be disclosed only to the following persons:

    a. The Court, Court personnel and court reporters; and

    b. The parties to this Stipulation and Protective Order Governing Confidential Material; and

    c. The counsel of record for the parties, including such attorneys of counsel's law firm as have been assigned to work on this matter and all paralegal assistants, stenographic, and clerical employees when working in connection with this matter; and

    d. Outside vendors providing document management and reproduction or data management and reproduction services to counsel; and

    e. Employees of any corporate party to this litigation on a need-to-know basis only, including, but not limited to, employees who are fact witnesses, who must assist in the preparation of the case, who are employed in the corporation's legal department and have responsibility for the matter or who otherwise have responsibility for providing legal advice to the party for this matter; and

    f. Consultants or experts retained by the parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter; and

  g. Any non-party witness in the course of, or in preparation for, testimony at the trial of this matter; and

  h. Other persons only upon order of the Court and after prior written notice to all parties or upon written consent of all parties.

5. No disclosure of Confidential Material shall occur except to the persons identified in Paragraph 4 of this Order. Counsel making disclosure in accordance with Paragraphs 4(e), 4(f), and 4(g) of this Order shall, in advance of such disclosure, provide the person with a copy of this Order and obtain such person's agreement, in the form attached as Exhibit A, consenting to be governed by the terms and provisions of the Stipulation and Order and any Order entered with respect to it.

6. Except as provided in Paragraphs 7, 8, and 9 below, Confidential Material shall at all times be kept in the custody, control and possession of each party's counsel of record.

7. When documents, briefs or memoranda constituting or containing Confidential Material are filed with the Court, they shall be placed in sealed envelopes which shall be endorsed with (a) the caption of the case; (b) the name of the party filing the sealed envelope; and (c) a statement in the following form:

**CONFIDENTIAL**

> This envelope is sealed pursuant to Order of the Court and contains Confidential Material. This envelope is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to a stipulation of the parties.

All Confidential Material so filed shall be maintained by the Clerk of Court separate from this action's public records and shall be released only in accordance with Paragraph 10 of this Order.

3

8. When Confidential Material is to be presented, quoted, or referenced in any deposition, hearing, or other proceeding in this action, counsel for the parties shall ensure that only persons qualified in accordance with Paragraph 4 of this Order are present.

9. When Confidential Material is incorporated into, quoted or referenced in, or made an exhibit to, any deposition or hearing transcript, counsel for the parties shall ensure that the court reporter attending such deposition or proceeding shall bind the Confidential Material separately and label it with the endorsement set forth in Paragraph 7 of this Order. The court reporter shall be advised of this Order and agree to be bound by its terms.

10. Upon final determination of this action, whether by judgment, settlement, appeal or otherwise, each counsel of record who has received Confidential Material shall certify to counsel for the Producing Party that all such Confidential Material in whatever form whatsoever, including all copies thereof and all notes relating thereto, have been destroyed.

11. Entering into, agreeing to, producing and/or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

    a. Operate as an admission by any party that any particular Discovery Material contains or reflects trade secrets, proprietary or commercial information or other Confidential Material; or

    b. Operate as a waiver by any party of the attorney-client privilege, the work-product privilege, or any other privilege or ground for nonproduction or objection to testimony with respect to (i) any such Discovery Material, (ii) any Discovery Material withheld based on privilege or any other ground for nonproduction or objection, or (iii) any future production of Discovery Material; or

   c. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

   d. Prejudice in any way the rights of a party to seek a determination from the Court as to (i) whether particular Discovery Material should be produced, or (ii) if produced, whether such Material should be subject to the terms of this Stipulation and Order; or

   e. Prejudice in any way the rights of a party to apply to the Court for a further protective order relating to any Confidential Material or a modification of this Order.

12. In the event a party objects to the designation of information as "CONFIDENTIAL," that party shall first attempt to resolve the dispute informally through counsel. Should the parties be unable to resolve such objection informally, the objecting party through counsel may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as designated by the Producing Party.

13. Any person subject to this Order shall, within forty-eight (48) hours of learning that Confidential Material has been released in violation of this Order, so notify the Producing Party.

14. This Stipulation and Protective Order has no effect on, and its scope shall not extend to, any party's use of its own Confidential Material.

**IT IS SO ORDERED.**


s/Christopher A. Boyko
Judge Christopher A. Boyko

Date: September 16, 2008

_____
Thomas B. Ridgley (0000910)
tbridgley@vorys.com
John W. Solomon (0018206)
jwsolomon@vorys.com
Marcel C. Duhamel (0062171)
mcduhamel@vorys.com
Elizabeth Ratliff (0075673)
earatliff@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio 44114
Ph. (216) 479-6100
Fax (216) 479-6060

*Attorneys for Defendant*


_____
John S. Chapman (0025811)
jchapman@jscltd.com
Jason T. Albin (0078458)
jalbin@jscltd.com
JOHN S. CHAPMAN & ASSOCIATES, LLC
Hoyt Block, Suite 300
700 West St. Clair Avenue
Cleveland, Ohio 44113
Ph. (216) 241-8172
Fax (216) 241-8175

*Attorneys for Plaintiffs*

6

IN THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO

| | |
|---|---|
| KATHY YOUNG, *et al.*, | ) CASE NO. 1:06-CV-01486 |
| Plaintiffs, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) <u>APPENDIX TO STIPULATION AND</u> |
| FIRSTMERIT BANK, N.A., *et al,*. | ) <u>PROTECTIVE ORDER GOVERNING</u> <u>CONFIDENTIAL MATERIAL</u> |
| Defendants. | ) |

I have read the foregoing Stipulation and Protective Order Governing Confidential Material (the "Protective Order") and understand that, as a condition of my being granted access to certain information designated as "confidential" by a party to this lawsuit, I agree as follows:

1. I will not communicate or divulge all or part of such "confidential" information to anyone other than those individuals who have signed a copy of this Appendix, except as otherwise provided by counsel.

2. I will adhere to the terms of the Protective Order subject to the penalty of contempt of this Court.

3. I will not use such "confidential" information other than in connection with the prosecution or defense of this proceeding.

4. I understand that this Court has jurisdiction over my person to enter such a contempt judgment or order against me as it sees fit, if the Court finds that I have violated the terms of this Protective Order.

Date: _____     _____
                          Signature

                          _____
                          Name

                          _____
                          Address

                          _____
                          City/State/Zip