# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **KATHY YOUNG,** | ) | **CASE NO.1:06CV1486** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FIRSTMERIT BANK, N.A.** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

A  review of the relevant materials called into question this Court's subject matter jurisdiction over the claims asserted in Plaintiffs Complaint.   Upon facts and legal arguments nearly identical to those presented in the case before this Court, a Northern District of Ohio judge determined 12 U.S.C. §24 and 12 U.S.C. §484 did not completely preempt state law claims and ordered the case remanded to state court.  *Matthew L. Fornshell v. FirstMerit Corp.,*  1:06 CV 1505, 2006 WL 3545134 (N.D. Ohio, December 8, 2006).  Although there has been no challenge to Defendant's removal, this Court has a duty to determine jurisdiction, even if unquestioned by the parties, and no agreement of the parties may confer jurisdiction upon the Court to hear claims if it lacks a proper basis in law.  *Farm Credit Service of Mid America v. Rudy Inc.,* C-3-93-271, 1995 WL 1622801, *10 (S.D. Ohio, March 8, 1995).  *See also  Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152 (1908). The sole basis of removal cited by Defendant was complete federal preemption under the National Bank Act.

Plaintiff investors allege they were defrauded of millions of dollars in a classic "Ponzi

1

scheme" by Joanne and Alan Schneider, who are non-parties to this suit.  The investors allege

Defendant FirstMerit Bank, N.A. ("FirstMerit") knew, or should have known, the Schneiders

were using the bank to facilitate their fraudulent scheme.  Plaintiffs' Complaint at the time of

removal alleged the following causes of action: violation of Ohio securities laws, civil aiding and

abetting, and civil conspiracy.  Defendant removed the case to federal court solely on the basis

that Plaintiffs' claims against Defendant were completely preempted by the National Bank Act.

Although the Plaintiffs subsequently amended their Complaint to include a federal

Racketeer Influence and Corrupt Organizations Act("RICO") action, applicable case law does

not permit subsequent amendments to cure a lack of jurisdiction at the time of removal.  *Kelly v.*

*Carr,* 691 F.2d 800 ( 6th Cir.1980). Plaintiffs Complaint at the time of the removal contained

only state law causes of action.

## STANDARD OF REVIEW

28 U.S.C. §1441 "provides that an action is removable only if it could have initially been

brought in federal court."  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307

(E.D.Ky. 1990).  The burden of establishing federal jurisdiction rests upon the removing party,

i.e., the defendant.  *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949

(6th Cir. 1994).  Removal jurisdiction is based on the allegations in the Complaint at the time of

removal.  *See, e.g., Rogers v. Wal-Mart Stores, Inc*., 230 F. 3d 868, 871 (6th Cir. 2000).

Courts should resolve "all disputed questions of fact and ambiguities in the controlling ... state

law in favor of the non- removing party." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493

(6th Cir. 1999), quoting *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir.

1994).  "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*  The

2

court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal. *Ahearn v. Charter Township of Bloomfield*, 100 F. 3d 451, 453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930). Pursuant to 28 U.S.C. §1447(c), cases originally filed in state court must be remanded if, at any time before trial, it appears that the federal court to which they were removed lacks subject matter jurisdiction. *Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536, 541 (6th Cir. 2006). District courts can *sua sponte* dismiss a complaint at any stage of the proceeding if jurisdiction is lacking. *In re Lewis v. Boyd,* 398 F.3d 735, 739 (6th Cir.2005). ( "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." ).

## LAW AND ANALYSIS

Plaintiffs' Complaint, filed in Court of Common Pleas, Cuyahoga County, contains no federal cause of action on its face. It presents three claims for violation of Ohio securities law embodied in O.R.C. §1707.04 which prohibits participating in, or aiding in the sale of, unregistered securities, aiding and abetting and civil conspiracy.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Confalone v. Western & Southern Life Ins. Co.,* No. 5:05CV1725, 2005 WL 1607989 *2 (N.D. Ohio, July 08,

3

2005), citing *Gully v. First National Bank,* 299 U.S. 109, 112-113 (1936). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Canfalone* at *2.   Federal jurisdiction may not be conferred solely on the basis of a federal defense including the defense of preemption. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987).  As articulated by the Sixth Circuit in *Grand Trunk Western Railroad Incorporated v. Roddy,* 395 F.3d 318, 322 (6th Cir. 2005):

> It is settled law that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425 (emphasis in original). *See also Beneficial Nat. Bank,* 539 U.S. at 6, 123 S.Ct. 2058 ("[A] defense that relies on ... the pre-emptive effect of a federal statute will not provide a basis for removal."); *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ( "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.").

However, the Supreme Court has determined there are two exceptions to the well-pleaded complaint rule.  A complaint alleging only state claims may be removed when Congress expressly provides or "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial National Bank v. Anderson,* 539 U.S. 1, 8 (2003). The preemptive force of the statute must be so extraordinary that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar* at 393.

On June 16, 2006, Defendant removed this case to federal court, alleging Plaintiffs' state law claims were preempted by the National Bank Act sections 12 U.S.C. §24(Seventh), 12 U.S.C.  §484 and by regulations promulgated by the Office of the Comptroller of the Currency

4

(OCC) 12 C.F.R. §7.4000, 12 C.F.R. §7.4007 and §7.4009.  In a case with the same Defendant, based on the same set of underlying facts and the same theory of removal jurisdiction, Judge Patricia A. Gaughan of the Northern District of Ohio in *Fornshell* determined the same sections of the National Bank Act and OCC regulations, cited by Defendant as basis for removal in the case before this Court, did not completely preempt the state law claims and remanded the case back to state court. On October 2, 2008, this Court issued a show cause order requiring the parties brief the issue of this Court's subject matter jurisdiction in light of *Fornshell*.  Plaintiffs contend this Court lacks subject matter jurisdiction and ask the Court to remand back to state court.  Defendant argues the *Fornshell* holding was too narrow and asks this Court to find subject matter jurisdiction in spite of the contrary precedent.

Defendant does not point to any provision within the sections of the National Bank Act it cited as the basis for removal that expressly state Congress' intent to completely preempt state law.  Section 24(Seventh) states in pertinent part:

> To exercise by its board of directors or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt; by receiving deposits; by buying and selling exchange, coin, and bullion; by loaning money on personal security; and by obtaining, issuing, and circulating notes according to the provisions of title 62 of the Revised Statutes.

Section 484 states in pertinent part:

> No national bank shall be subject to any visitorial powers except as authorized by Federal law, vested in the courts of justice or such as shall be, or have been exercised or directed by Congress or by either House thereof or by any committee of Congress or of either House duly authorized

Neither provision contains any express complete preemption language.  Nor has Defendant cited this Court to any statutory language in the National Bank Act containing

complete preemption language. Therefore, the Court finds no express Congressional intent to preempt. However, the Court's inquiry does not stop here. The Court must examine whether the National Bank Act has wholly displaced state law causes of action thereby rendering Plaintiffs' state law claims federal claims.

Defendant contends the National Bank Act was intended to protect banks from state regulation or intrusion. As evidence, Defendant cites to the *Beneficial* case, wherein the United State Supreme Court held the National Bank Act completely preempted state law where there is a claim against a national bank for usury. Defendant acknowledges there is a presumption that federal law does not preempt state law; however, Defendant argues no such presumption of preemption exists when the National Bank Act is implicated. Defendant cites the Court to federal regulations issued by the OCC that expressly preempt state laws.

Defendant's arguments are the same arguments it made before Judge Gaughan in the *Fornshell* case. There, Judge Gaughan determined sections 24(Seventh) and 484 of the National Bank Act did not confer exclusive subject matter jurisdiction on federal courts. She found section 24 was merely an enabling statute that created no remedy while section 484 merely limited by reference visitorial powers to other Federal law. She further found that complete preemption may only come from Congress. Federal regulations, while they may preempt state statutes, may only preempt through ordinary preemption which does not confer subject matter jurisdiction on federal courts.

This Court agrees with Judge Gaughan. As the Sixth Circuit held in *Roddy*:

"Complete preemption that supports removal and ordinary preemption are two distinct concepts. *Warner v. Ford Motor Co.* 46 F.3d 531, 535 (6th Cir.1995) (en banc). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable

to federal court." *Caterpillar,* 482 U.S. at 398, 107 S.Ct. 2425. Complete preemption that permits removal is reserved for statutes "designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal. 46 F.3d at 535. "[T]he congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Telectronics Pacing Sys., Inc.,* 78 F.3d 256, 260 (6th Cir.1996) (citing *Warner,* 46 F.3d at 534-35)."

*Roddy* at 323.

The Sixth Circuit further stated, "[i]n the absence of explicit direction from Congress, the Supreme Court has stated it would be reluctant to find the extraordinary preemptive power that converts an ordinary state common law complaint into one stating a federal claim..." *Id*. Citing *Metro. Life*, 481 U.S. at 64-65.  The Court then quoted Supreme Court Justice Brennan in his concurring opinion in *Metro. Life*. "In future cases involving other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." *Metro. Life,* at 481 U.S. at 67-68.

As far as this Court can discover, no federal court confronted with complete preemption claims under sections 12 U.S.C. §24(seventh) or 12 U.S.C. §484 has found compete preemption. See *Fornshell supra,  Hancock v. Bank of America,* 272 F. Supp. 2d 608, 612 (W.D. Ky. 2003), *Jacobs v. ABN-Amro Bank N.V.*, 03-cv-4125, 2004 WL 869557 *13-16 (E.D.N.Y. April 21, 2004).  These courts all distinguished the Supreme Court's ruling in *Beneficial* from claims brought under Sections 24 and 484 and found no complete preemption.  This Court agrees and finds no complete preemption.

Therefore, the Court finds it lacks subject matter jurisdiction to hear the claims presented

because Sections 24(Seventh) and 484 of the National Bank Act do not completely preempt state

law.  The case is remanded back to Cuyahoga County Court of Common Pleas for further action

according to law.

       IT IS SO ORDERED.


                   S/Christopher A. Boyko
                  CHRISTOPHER A. BOYKO
                  United States District Judge

November 13, 2008

8